Judge Mills
delivered the opinion of the court.
This is a suit in chancery enjoining a judgment in ejectment for land. The original bill complains that the judgment in ejectment was recovered against the complainant, Lockitt, by Moore and January, the defendants, on a patent in the name of January, part of which was conveyed to Moore, and that he, the complainant, held an interest in it by virtue of a purchase of the same claim from Nathaniel Evans as agent for Moore—and he sets up the purchase. He also alledges that he claimed the same land by virtue of a purchase of an adverse claim in the name of John Mosby. But when the judgment in ejectment was rendered no commissioners were appointed under the act concerning occupying claimants of land—and finally, that the judgment in ejectment recovered too much land, and took in a part that had previously been conveyed by the defendant, Moore to Lockett, the complainant. The bill then refers to a record of a suit in chancery between the same parties *527 in the same court. An injunction was granted and a decree finally rendered in favor of the complainant. And on an appeal the decree is questioned. It is deemed unnecessary to travel into the defence made to the original bill, as it is clear from the record of the former suit in chancery, referred to between the same parties, a decree in which was rendered by this court at the spring term 1810—2 Bibb, 67: the purchase from Moore through the intervention of Evans as an agent, was made the subject of controversy, and there was finally settled, as well as the right of the complainant to the claim of Mosby therein set up. This decision according to well settled principles was and the complainant could not be entitled to his injunction or any relief on the same equity. The failure to appoint commissioners under the occupying claimant law, furnished no ground for relief in equity. The complainant could still apply to the court of law for relief, and no reason is shewn why he did not apply there. In like manner the recovery of more land in the ejectment than the plaintiff’s at were entitled to, was a legal controversy, and the defendant at law, now complainant, might and ought to have guarded himself there and defeated the recovery, and could not retry the matter in equity, unless he could shew strong reasons for his neglect to do so, or that the verdict was obtained by fraud and surprise, under such circumstances as would authorize the chancellor to decree him a new trial at law. This he has failed to do, and in these respects the bill entitles him to no relief. But the complainant filed an amended bill, wherein he sets out a conveyance from Littleberry Mosby of part of an entry in the name of John Mosby, insists on the validity of that entry, and on that ground prays relief against the adverse claim of Moore and January. Although he set out a purchase in his original bill of the same claim, and that purchase was there decided against him, yet the purchase he shews in his amended bill is a conveyance subsequent to the date of the former decree, and it might be a question of some moment, whether he would not be entitled to relief on that ground? But this we have not thought it necessary to decide. The answers of the defendants not only rely on the former decree, but put him upon the complete proof of his claim. He has not exhibited either the survey or patent, in the names of John or Littleberry Mosby, nor has he shewn how Littleberry Mosby became entitled to the claim in the name of *528 John. Nor has he adduced any proof establishing the calls of John Mosby’s entry, except an admission of the beginning corner. He, therefore, could not be entitled to any, relief. The decree of the court below is, therefore, reversed with costs, and the cause must be remanded, with directions to that court, to dissolve the injunction, and dismiss the bill with costs.
The merits of an equity once decided on by a court of competent jurisdiction can never be retried (except appellately) between the same parties.
Commissioners to ascertain rents &c. not having been appointed on rendition of judgment in eject. gives the chancellor no jurisdiction, the remedy is exclusively at law, by an order nunc pro tunc.
That a pltf. in ejectment has recovered more land than he is entitled to, is a matter triable at law & cannot be made a question in chancery, unless strong reas'ns are shewn.
A compl. on whom the issue is thrown by the defs' answers cannot obtain relief, unless he makes out his case very clearly.
Hardin & Haggin for pltffs. Wickliffe for def’ts.